OPINION
{¶ 1} On March 25, 2003, the Ashland County Grand Jury indicted appellant, Robert Salyers, on one count of burglary in violation of R.C. 2911.12, two counts of theft in violation of R.C. 2913.02 and one count of breaking and entering in violation of R.C. 2911.13. On June 16, 2003, appellant pled guilty to attempted burglary in the fourth degree and breaking and entering in the fifth degree; the remaining counts were dismissed. By judgment entry filed July 22, 2003, the trial court sentenced appellant to the maximum sentences of eighteen months on the attempt count and twelve months on the breaking and entering count, to be served consecutively, for a total aggregate term of thirty months.
 {¶ 2} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 3} "The imposition of a maximum sentence is against the manifest weight of the evidence and contrary to the law."
 II {¶ 4} "The imposition of consecutive sentences is against the manifest weight of the evidence and contrary to the law."
 I, II {¶ 5} Appellant challenges the trial court's maximum/consecutive sentences as being against the manifest weight of the evidence and contrary to law.
 {¶ 6} In its brief at 6, appellee concedes the sentences do not meet the following mandates of State v. Comer,99 Ohio St.3d 463, 2003-Ohio-4165, syllabus:
 {¶ 7} "1. Pursuant to R.C. 2929.14(E)(4) and2929.19(B)(2)(c), when imposing consecutive sentences, a trial court is required to make its statutorily enumerated findings and give reasons supporting those findings at the sentencing hearing.
 {¶ 8} "2. Pursuant to R.C. 2929.14(B), when imposing a nonminimum sentence on a first offender, a trial court is required to make its statutorily sanctioned findings at the sentencing hearing."
 {¶ 9} The matter is reversed and remanded to the trial court for resentencing pursuant to Comer, supra.
 {¶ 10} Assignments of Error I and II are granted.
 {¶ 11} The judgment of the Court of Common Pleas of Ashland County, Ohio is hereby reversed and remanded.
Gwin, P.J. and Boggins, J., Concur.