OPINION
{¶ 1} Defendant-appellant Robert N. Salyers appeals the June 7, 2005 Judgment Entry entered by the Ashland County Court of Common Pleas. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE AND FACTS {¶ 2} On March 25, 2003, the Ashland County Grand Jury indicted appellant, Robert Salyers, on one count of burglary in violation of R.C. 2911.12, two counts of theft in violation of R.C. 2913.02 and one count of breaking and entering in violation of R.C. 2911.13. On June 16, 2003, appellant pled guilty to attempted burglary a felony of the fourth degree and breaking and entering a felony of the fifth degree; the remaining counts were dismissed. By judgment entry filed July 22, 2003, the trial court sentenced appellant to the maximum sentences of eighteen months on the attempt count and twelve months on the breaking and entering count, to be served consecutively, for a total aggregate term of thirty months.
 {¶ 3} Appellant filed an appeal and this court reversed for re-sentencing pursuant to State v. Comer, 99 Ohio St.3d 463,793 N.E.2d 473, 2003-Ohio-4165. See, State v. Salyers, Ashland App. No. 03COA039, 2004-Ohio-979. Upon remand, the trial court reimposed the same sentence without hearing. See, Judgment Entry filed August 11, 2004.
 {¶ 4} Appellant filed an appeal and this court reversed for re-sentencing finding the trial court erred in re-sentencing appellant in absentia. See, State v. Salyers, 5th Dist. No. 04COA60, 2005-Ohio-972.
 {¶ 5} On June 7, 2005, the trial court conducted a sentencing hearing and again reimposed the same sentence.
 {¶ 6} Appellant timely appealed and this matter is now before this court for consideration of the following assignment of error:
 {¶ 7} "I. THE IMPOSITION OF A PRISON SENTENCE LONGER THAN THE STATUTORY MAXIMUM SENTENCE IS UNCONSTITUTIONAL IN THIS CASE".
 I. {¶ 8} In his sole assignment of error, appellant argues, in essence, that the trial court's imposition of consecutive sentences is unconstitutional pursuant to United States v.Booker (2005),543 U.S. 220, 125 S.Ct. 738, and Blakely v.Washington (2004), 542 U.S. 296, 124 S.Ct. 2531.
 {¶ 9} Subsequent to the filing of briefs in the case at bar, the Ohio Supreme Court announced its decision in State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. InFoster the Court found, in relevant part, the provisions addressing "more than the minimum" sentence for offenders who have not previously served a prison term pursuant to R.C.2929.14(B) required the sentencing court to make findings beyond those facts found by a jury or admitted by an accused. Id. at ¶ 61.
 {¶ 10} The Court in Foster found the same infirmity with respect to the procedure employed by a trial court imposing consecutive sentences pursuant to R.C. 2929.14(E)(4) and2929.41(A). Id. at paragraph 3 of the syllabus.
 {¶ 11} The Court found both provisions to be unconstitutional under the United States Supreme Court decisions in Apprendi v.New Jersey (2000), 530 U.S. 466, 120 S.Ct. 2348,147 L.Ed.2d 435, and Blakely v. Washington (2004), 542 U.S. 296,124 S.Ct. 2531, 159 L.Ed.2d 403. However, the Ohio Supreme Court inFoster found that the offending provisions of the sentencing law are severable. The Court concluded that after severing those provisions judicial fact-finding is not required before a prison term can be imposed within the basic ranges of R.C. 2929.14(A) based upon a jury verdict or admission of the defendant, or before imposition of consecutive prison terms. Id. at paragraphs 2 and 4 of the syllabus.
 {¶ 12} The Court in Foster, supra, provided the following instructions to the lower courts: "[t]hese cases and those pending on direct review must be remanded to trial courts for new sentencing hearings not inconsistent with this opinion. We do not order re-sentencing lightly. Although new sentencing hearings will impose significant time and resource demands on the trial courts within the counties, causing disruption while cases are pending on appeal, we must follow the dictates of the United States Supreme Court. Ohio's felony sentencing code must protect Sixth Amendment principles as they have been articulated.
 {¶ 13} "Under R.C. 2929.19 as it stands without (B) (2), the defendants are entitled to a new sentencing hearing although the parties may stipulate to the sentencing court acting on the record before it. Courts shall consider those portions of the sentencing code that are unaffected by today's decision and impose any sentence within the appropriate felony range. If an offender is sentenced to multiple prison terms, the court is not barred from requiring those terms to be served consecutively. While the defendants may argue for reductions in their sentences, nothing prevents the state from seeking greater penalties.United States v. DiFrancesco (1980), 449 U.S. 117, 134-136,101 S.Ct. 426, 66L.Ed.2d 328". Id. at ¶ 104-105.
 {¶ 14} Accordingly, the June 7, 2005 sentence is vacated and this case is remanded to the trial court for re-sentencing in light of the remedial severance and interpretation of Ohio's felony sentencing statutes as set forth in the Foster decision.
Gwin, J., Wise, P.J., and Edwards, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the June 7, 2005 sentence is vacated and this case is remanded to the trial court for re-sentencing in light of the remedial severance and interpretation of Ohio's felony sentencing statutes as set forth in the Foster decision. Costs to appellant.